FRANK GROVER and CLARENCE GROVER, partners, trading as Grover Brothers, complainants-respondents,

*v.*

EDWARD S. WOODWARD, defendant-appellant.

[Argued June 17th, 1920.   Decided November 15th, 1920.]

1. The mere bringing of a suit at law in a foreign jurisdiction to enforce an alleged legal claim is not using the process of such courts to harass and oppress the defendant in that action; there must be something more to justify a court of equity in enjoining the prosecution of the suit in the foreign jurisdiction.

2. The institution of a suit by ·process of attachment, when allowed by the laws of the state where the action is instituted, cannot of itself be said to be an oppressive use of process, for it merely gives the plaintiff in such an action a lien on the property of the non-resident debtor, which is not legal oppression.

On appeal from an order of the court of chancery advised by Vice-Chancellor Buchanan, whose opinion is reported in *91 N. J. Eq. 250.*

*Mr. Aaron V. Dawes,* for the complainants-respondents.

*Mr. Patrick H. Harding,* for the defendant-appellant.

The opinion of the court was delivered by

BERGEN, J.

This is an appeal from an order made by the chancellor, on the advice of Vice-Chancellor Buchanan, restraining defendant from prosecuting an action at law in the courts of the State of Pennsylvania brought against complainant. The matter was heard and determined on bill of complaint, affidavits in support of it, and answering affidavits submitted by defendant, which disclose that both parties are residents of this state, the complainants doing business at Hightstown, New Jersey, and defendant

in the city of Philadelphia, Pennsylvania; that complainant contracted to sell two carloads of potatoes to defendant to be placed on the cars at Hightstown, consigned to defendant at Detroit, Michigan; that defendant paid for the potatoes within four days, but discovering on arrival at Detroit, as he alleges, that the potatoes were not according to contract, rejected them, notified complainant, and sold them for less than the contract price, and to recover the loss instituted a suit in a proper court of the State of Pennsylvania; that it was commenced by a writ of attachment levied against money due to complainant by one of their debtors. This action was restrained by the order appealed from. The vice-chancellor recognized the rule laid down in *Standard Roller Bearing Co.* v. *Crucible Steel Co., 71 N. J. Eq. 61,* "that where an action at law is pending, in which there is a complete defence, this court will not assume jurisdiction and withdraw the question from the law court, unless the case involves some equitable element which it cannot apply, and which must be applied in order that complete justice may be done, or unless the case discloses that such relief as the party is entitled to cannot be afforded by the court at law, or without the intervention of this court with its injunctive power," but determined that, as in the case last cited, the defendant was using the process of the courts of law to harass and oppress the complainant. We are of opinion that the vice-chancellor was not justified in that conclusion. The mere bringing of a suit at law in a foreign jurisdiction to enforce an alleged claim is not using the process of such court to harass and oppress the defendant in that action; there must be something more to justify the court of equity of this state to enjoin the prosecution of the suit in the foreign jurisdiction. The vice-chancellor was of opinion that the defendant's action is inequitable, in that he oppresses complainant by obtaining an unconscionable advantage by an attachment suit, and that there is oppression in that the defendant brought the suit in Pennsylvania to avoid the policy of this state relating to attachment suits. But, manifestly, the form of process used in the procedure allowed by the laws of the state where an action is instituted cannot of itself be said to be an oppressive use of process, nor would the fact that the suit was commenced by at-

tachment make any difference, for it merely gives the plaintiff in such an action a lien on the property of the non-resident debtor, which is not a legal oppression any more than the issuing of a summons would be in those of our sister states where the issuing of the original process creates a lien. The form of the process, and lien which it gives, does not prevent the defendant in such suits setting up any legal defence. In the present case the defence is entirely a legal one and does not require any equitable relief. This is not a case of multiplicity of suits, or the impounding of funds out of proportion to the amount of the debt, from which an intent to oppress and harass may be inferred, but it is a single suit instituted in a forum within a reasonable distance of the residence of the complainant, the defendant in the action. In *Standard Roller Bearing Co. v. Crucible Steel Co., supra,* Chancellor Magie, in writing the opinion, said: "The complainant, moreover, has a large and valuable plant in the State of Pennsylvania. Defendant's claim could have been presented by attachment in that state." In that case, as in the present, both complainant and defendant were citizens of New Jersey, and the intimation there is that if the attachment had been issued in the State of Pennsylvania there would have been no equitable ground of interference. The notion of the vice-chancellor that because of the congested condition of the calendars of the courts of Philadelphia, there will be a delay in the trial of the case, is not of itself a sufficient reason for equitable interference upon the ground that the suit will oppress or harass the complainant. We have no means of knowing how soon the case will be tried in the court of Pennsylvania, and without something more definite it ought not to be considered. For the reasons we have given, we are of opinion that the restraining order should be reversed and set aside, and the defendant allowed to proceed with his action at law, and it is so ordered.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Swayze, Parker, Bergen, Minturn, Kalisch, Black, Katzenbach, White, Heppenheimer, Williams, Taylor, Ackerson—13.